NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MALCOLM GATSON,

        Plaintiff,

   v.

A.O.,[1] et al.,

        Defendants.

Civil Action No. 17-2710-BRM-TJB

**OPINION**

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Plaintiff Malcom Gatson's ("Plaintiff") complaint (the "Second Complaint") (ECF No. 1), asserting claims pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court directs the Clerk of the Court to refile the Second Complaint (ECF No. 1) as a supplement to the complaint filed in Docket Number 17-2014 (the "Original Complaint") (Docket No. 17-2014 at ECF No. 1) and **DISMISS** this docket as duplicative of that matter.

On or about March 27, 2017, Plaintiff filed the Original Complaint raising claims pursuant to 42 U.S.C. § 1983. (*See* Docket No. 17-2014 at ECF No. 1.) Specifically, he alleged a woman identified as A.O. falsely accused him of rape and robbery and that prosecutors and police withheld evidence from him in his ongoing criminal matter in the state courts. (*Id.* at 4-7.) Plaintiff also sought to proceed *in forma pauperis* in that matter. (*See* Docket No. 17-2014 at ECF No. 1-2.) On March 31, 2017, this Court denied Plaintiff's application to proceed *in forma pauperis* without

---

[1] In his Original Complaint (*see* Docket No. 17-2014 at ECF No. 1), Plaintiff names as a defendant a woman he claims has accused him of rape (*id.* at 1 n.1), and the Court refers to her by her initials due to the sensitive nature of the facts at issue in the complaint. *See, e.g., Florida Star v. B.J.F.*, 491 U.S. 524, 527 n.2 (1989).

prejudice, and administratively terminated Plaintiff's Original Complaint until Plaintiff either paid the filing fee or refiled his application to proceed *in forma pauperis*. (*Id.*)

On April 20, 2017, Plaintiff filed two new similar but separate complaints with two new docket numbers (the Second Complaint currently before the Court and a third complaint (the "Third Complaint") (Docket No. 17-2712 at ECF No. 1)) asserting nearly identical claims to the Original Complaint and two applications to proceed *in forma pauperis*.[2] The Second Complaint asserts claims under 42 U.S.C. § 1983 against police detectives for concealing evidence in his criminal case arising out of A.O.'s accusations. (ECF No. 1.) The claims raised in Plaintiff's Second Complaint allege the same conduct addressed in his Original Complaint, but elaborate upon one of the claims asserted in the Original Complaint, that evidence was being withheld from him by prosecutors and the police. Because Plaintiff's Second Complaint raises claims similar to his Original Complaint but provides additional facts, Plaintiff's Second Complaint is duplicative of his Original Complaint and therefore the Court directs the Clerk of the Court to refile Plaintiff's Second Complaint as a supplement to his Original Complaint under his original docket number and dismiss this docket as duplicative of that matter. *See e.g., Fabics v. City of New Brunswick*, 629 F. App'x 196, 198 (3d Cir. 2015) (noting that district courts faced with a duplicative complaint can "stay the second action, consolidate it with the first, or dismiss the second complaint without prejudice").[3] An appropriate Order will follow.

**Date: May 22, 2017**                     */s/Brian R. Martinotti*
                                           **HON. BRIAN R. MARTINOTTI**
                                           **UNITED STATES DISTRICT JUDGE**

---

[2] The Court is simultaneously issuing a separate opinion and order addressing the Third Complaint on Docket No. 17-2712.

[3] Plaintiff also seeks to proceed *in forma pauperis* in this matter. (ECF No. 1-1.) This Court will address Plaintiff's *in forma pauperis* application in a separate opinion after the Second Complaint is refiled as a supplement to Plaintiff's Original Complaint under Docket Number 17-2014.